UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHER GOSSELIN,
    Plaintiff,

v.                                        C.A. No. 18-438WES

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
    Defendant.

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge

On August 9, 2018, Plaintiff Richer Gosselin filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 & 2. The IFP motion was referred to me. Soon after, on August 16, 2018, Plaintiff filed a demand for a jury trial. ECF No. 4.

Because of Plaintiff's IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint, which is the operative pleading (ECF No. 1),[1] I find that it fails to state a claim upon which relief may be granted. Accordingly, unless Plaintiff files an amended complaint that cures the deficiencies, I recommend that the case be dismissed without prejudice. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Although this finding moots Plaintiff's request for IFP status, I will also address how his submissions on that issue are unsuccessful.

Plaintiff asserts Defendant unlawfully foreclosed on his house and sold it to a third party. ECF No. 1 at 7. Plaintiff contends a wide variety of federal and state laws support his case. According to Plaintiff, the property is located at 4561 Main Street in Tiverton, Rhode Island. Id.

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

Plaintiff alleges this property is also the headquarters of the "Acoaxet Micmac Tribe and Pokanoket Nation[,]" which he holds out as his tribal affiliation.[2] Id. at 3 (all caps omitted). The first six pages of the complaint consist of treatise-like explanations of international law documents and doctrines. Id. at 1-7 (discussing, for example, the Restatement (Third) of Foreign Relations Law of the United States after addressing the Apartheid Convention). The remainder includes a few factual allegations about the sale of Plaintiff's property, but it primarily features numerous legal conclusions and recitations of causes of action. Sprawling and internally confusing, the complaint does not communicate Plaintiff's claims in a coherent manner.[3] At bottom, the pleading fails to articulate a legally cognizable reason why the foreclosure that seems to be in issue was unlawful.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

---

[2] Plaintiff's tribal affiliation is not clear. The Narragansett Indian Tribe is the only federally recognized tribe of Native American people in the State of Rhode Island. See 81 Fed. Reg. No. 19, 5019-25 (Jan. 29, 2016), available at, https://www.gpo.gov/fdsys/pkg/FR-2016-01-29/pdf/2016-01769.pdf. The Aroostook Band of Micmacs is a federally recognized tribe headquartered in Maine. See id. The Pokanoket Tribe includes people with Native ancestry and historical connections to land in the New England area, but as an entity it lacks recognition from federal or state governments. See Pokanoket Nation takes step forward in struggle for identity, ancestral lands, Providence Journal (Oct. 9, 2017), available at, http://www.providencejournal.com/news/20171008/pokanoket-nation-takes-step-forward-in-struggle-for-identity-ancestral-lands; Letter from Steering Committee of the Native American and Indigenous Studies Initiative, Brown University (Aug. 24, 2017), available at, https://www.brown.edu/academics/native-american-and-indigenous-studies/news/2017/08/pokanoket-encampment. The Tiverton address appears to be Plaintiff's personal home and not the headquarters of a tribe recognized by any federal or state government. Whatever Plaintiff's tribal affiliation may be, tribal affiliation standing alone is not a legally viable foundation for a cause of action based on a foreclosure of a mortgage securing an unpaid note.

[3] One example is that the references to "Plaintiff" and "Defendant" are not consistent. Once sentence reads: "Plaintiff make claim that Plaintiff violated Plaintiff' rights to Due Process' and does not have legal standing to pursue claims due to fraud, perjury and failure to rebut proper 'NOTICE' served to Plaintiff et al., therefore Plaintiff lacks authority to gain a right to property or make claims of ownership to legally acquired and held tribal property." Id. at 9.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Dismissal under Rule 12(b)(6) is necessary "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture[.]" Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018). The Court "will not mine a lengthy complaint searching for nuggets that might refute obvious pleading deficiencies." Neubauer v. FedEx Corp., 849 F.3d 400, 404 (8th Cir. 2017) (alteration omitted).

Plaintiff's complaint not only fails to clear the Iqbal/Twombly bar, but also does not meet the basic pleading requirements in Fed. R. Civ. P. 8(a)(2), which mandates that a complaint must contain a short and plain statement of the claim. The complaint lacks a comprehensible "plain statement of [any] claim" that could be the basis for a potentially viable lawsuit in federal court. While Plaintiff discusses numerous international law concepts and names a variety of state and federal claims, he does not show how specific conduct of any person or entity entitles him to relief. I find the pleading should be dismissed at screening.

I also find Plaintiff's IFP motion is insufficient. Plaintiff submitted a standard IFP form, but the middle page of the form is missing. As Plaintiff filed the affidavit, it goes from question number two directly to question number eight. This is a problem because it leaves me in the dark as to Plaintiff's financial state. Facing an application that provides no information on Plaintiff's assets, I find Plaintiff filed insufficient information to establish he is entitled to have the costs of this action defrayed at public expense. 28 U.S.C. § 1915(a); see Jones v. Deutsche Bank Nat. Tr. Co., No. 13-CV-00293 DLI JMA, 2013 WL 789860, at *4 (E.D.N.Y. Mar. 1, 2013) (rejecting an IFP application because the "financial information" stated "zero dollars in

income and assets[,]" which was "insufficient for the court to determine whether [the party] is able to pay the filing fee").

Plaintiff's affidavit supporting his IFP motion includes arguments about tax law and how it applies under federal Indian law. ECF No. 2-1. But that is not pertinent to IFP. "When considering a motion filed pursuant to § 1915(a), 'the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)) (alteration omitted). Focusing on the relevant question, Plaintiff's submissions fail to provide enough information to find IFP is justified.

Based on the foregoing, I provisionally recommend that Plaintiff's IFP motion should be denied and that his complaint should be dismissed. However, because the deficiencies in both the IFP motion and the complaint may be curable, I further recommend that the Court first direct Plaintiff to file an amended complaint that cures the deficiencies identified above and to file a complete IFP application, both within thirty days of the Court's adoption of this report and recommendation. If Plaintiff fails to file an amended complaint, or if the amended complaint fails to cure the deficiencies noted in this report and recommendation or otherwise fails to state a claim, or is frivolous or malicious, I recommend that the complaint be dismissed. 28 U.S.C. § 1915(e)(2). If the complaint survives screening but Plaintiff fails to file a complete IFP application that demonstrates his eligibility for IFP status, I recommend that the IFP motion be denied and that he be ordered to pay the filing fee. If he has been denied IFP status and fails to pay the filing fee, I recommend that the case be dismissed without prejudice.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting

party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 27, 2018