UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHER GOSSELIN, : |
|     Plaintiff, : |
| : |
| v. : C.A. No. 18-438WES |
| : |
| FEDERAL NATIONAL MORTGAGE : |
| ASSOCIATION, : |
|     Defendant. : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On August 9, 2018, Plaintiff Richer Gosselin filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 & 2. The IFP motion was referred to me. Because of Plaintiff's IFP application, I conducted a preliminary screening of the case under 28 U.S.C. § 1915(e)(2)(B) and issued a report and recommendation ("R+R"). ECF No. 5; see Gosselin v. Fed. Nat'l Mortg. Ass'n, C.A. No. 18-438WES, 2018 WL 4629248, at *1 (D.R.I. Sept. 27, 2018). In the R+R, I highlighted deficiencies in Plaintiff's pleading and recommended providing Plaintiff leave to amend so he could fix those problems within thirty days. Gosselin, 2018 WL 4629248, at *2-3. I also noted that Plaintiff's IFP application was deficient[1] and recommended that he be afforded a similar period to cure. Id. at *2. Plaintiff filed no objection to the R+R and the time for him to do so has now passed. The R+R is currently pending before the District Court.

---

[1] The critical second page of the form was missing. Through the filing of an "affidavit of exempt filing status," Plaintiff also relied on the unfounded proposition that his tribal membership alone exempts him from paying the Court's filing fee. This argument is without merit. Banks v. Bureau of Prisons, No. 5:07-CT-3037-H, 2010 WL 2232941, at *1 (E.D.N.C. June 3, 2010). He filed a similar "affidavit" with his new IFP motion. It will not be discussed further.

In the meantime, Plaintiff has filed an amended complaint and a second IFP motion. ECF Nos. 6 & 7. The second IFP motion has been referred to me; unlike the first, it is complete and establishes Plaintiff's eligibility for IFP status. However, I have also reviewed the amended complaint.[2] I find it does not cure the deficiencies I determined were present in the original complaint.[3] The amended complaint has some minor changes; for example, it corrects previous errors in interchangeably referring to Plaintiff as the Defendant, and *vice versa*. See ECF No. 6. Nonetheless, Plaintiff's submission is still "[s]prawling and internally confusing," and it consists almost entirely of superficial legal conclusions. Gosselin, 2018 WL 4629248, at *2. Most importantly, apart from Plaintiff's alleged tribal status, which is insufficient as a matter of law, it still fails to state any plausible facts or viable legal theory for challenging the foreclosure of Plaintiff's property. These flaws are fatal, and it is not a court's duty to "mine a lengthy complaint searching for nuggets that might refute obvious pleading deficiencies." Id. (citing Neubauer v. FedEx Corp., 849 F.3d 400, 404 (8th Cir. 2017)).

Based on the foregoing, I recommend that Plaintiff's amended complaint (ECF No. 6) be summarily dismissed for failing to state a claim due to its failure to cure the deficiencies identified in the R+R. Consequently, I recommend denying Plaintiff's IFP motions (ECF Nos. 2 & 7) as moot. Any objection to this report and recommendation must be specific and must be

---

[2] Because of Plaintiff's *pro se* status, I have liberally construed his papers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

[3] One additional deficiency must be mentioned – the amended complaint, like the original, mentions "Richere Gosselin" as a possible second named plaintiff, who is described in the first sentence of the pleadings as "wife." ECF Nos. 1 at 1 & 6 at 1. However, only Plaintiff Richer Gosselin has signed the pleadings and therefore only he is a party. As a *pro se* litigant, he cannot represent the interests of others. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DRI LR Gen 205(a)(2) ("[a]n individual appearing pro se may not represent any other party"). If an individual named Richere Gosselin believes she/he has a claim, it must be stated either directly in a signed pleading or through an attorney admitted in this Court.

served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 1, 2018